UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AJS WEIGHTLOSS, LLC,

        Plaintiff,

v.                                    Case No:   2:13-cv-711-FtM-38DNF

MICHAEL S. ROSENTHAL and
WAGNER, JOHNSTON &
ROSENTHAL, P.C.,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court upon *sua sponte* review of the Complaint (Doc. #1) filed on October 7, 2013. Plaintiff AJS Weightloss, LLC filed its Complaint in this Court pursuant to diversity jurisdiction 28 U.S.C. § 1332(a)(1).

Diversity jurisdiction exists where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This requires complete diversity of citizenship, and that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir.2000). "Since Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L. Ed. 435 (1806), we have read the statutory formulation 'between ... citizens of different States' to require complete

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L.Ed.2d 415 (2005) (citation omitted). In an action filed directly in federal court, a plaintiff bears the burden of adequately pleading, and ultimately proving jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007). A limited liability company (LLC) is a citizen of every state in which one of its members is located. Moreno v. Breitburn Florida, LLC, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC., 374 F.3d 1020 (11th Cir. 2004)).

In the instant Complaint, Plaintiff has stated that the amount in controversy exceeds $75,000.00, but has failed to establish the complete diversity of the Parties. Plaintiff is a LLC. Each member of the LLC must be diverse from Defendants in this case. Plaintiff has failed to state the citizenship of the members of the LLC. Therefore, Plaintiff has failed to establish the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) diversity jurisdiction. In order to maintain its case in this Court, Plaintiff must establish that each LLC member is diverse from Defendants. Moreno, 2011 WL 2293124, at *1. Failure to comply with this Order may result in the case being dismissed without further notice for failure to allege the Court's subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

1. Plaintiff shall file with the Court, in writing, the citizenship of each of its members no later than **October 24, 2013**.
2. Should the LLC members also be a limited liability company, then the citizenship of that LLC's members must also be disclosed.

3. Failure to establish diversity may result in this matter being dismissed without further notice for failure to sufficiently allege subject matter jurisdiction.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of October, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record