UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AJS WEIGHTLOSS, LLC,

        Plaintiff,

v.                               Case No: 2:13-cv-711-FtM-38DNF

MICHAEL S. ROSENTHAL and
WAGNER, JOHNSTON &
ROSENTHAL, P.C.,

        Defendants.
_____/

## ORDER[1]

    This matter comes before the Court on review of the file.[2] Federal courts have limited subject matter jurisdiction. A district court is permitted to hear only cases for which there has been a congressional grant of jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Under 28 U.S.C. § 1332, a district court has jurisdiction over any civil case where the parties are citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Morrison, 228 F.3d at 1261 (citing 28 U.S.C. § 1332). In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007). In such

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court

[2] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

cases, a plaintiff's burden is present even in the absence of opposition by a defendant. Morrison, 228 F.3d at 1261.

Plaintiff AJS Weightloss, LLC brings this instant suit against Defendant Michael S. Rosenthal and Defendant Wagner, Johnston & Rosenthal, P.C. under the diversity jurisdiction statute. (Doc. #12). Here, the Amended Complaint states jurisdiction is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the matter is between citizens of different states. (Doc. #12, ¶2). However, the Amended Complaint insufficiently supports subject matter jurisdiction. (See Doc. #12).

With regard to citizenship, the Amended Complaint only mentions the residences rather than the domiciles of the individuals involved in this matter. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."). Residency alone does not equal citizenship. Further, pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). To the contrary, domicile is the equivalent of citizenship. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. at 1257-58 (internal quotation marks and citations omitted).

With regard to the amount in controversy, it is not facially apparent from the Amended Complaint that the damages in this matter are likely to exceed $75,000. Instead Plaintiff has only generically alleged the amount in controversy. See Catalano v. Cohen & Grisby, P.C., No. 2:08-cv-667-FtM-29SPC, 2009 WL 3157645, at *4 (M.D. Fla. Sept. 28, 2009). The only quantifiable damage indicated in the Amended Complaint is $4000, the amount paid by Plaintiff to Defendants for professional services. (Doc. #12, ¶12). Even though the sum claimed by Plaintiff in the Amended Complaint controls if the claim is apparently made in good faith, a dismissal is justified if it appears that the claim is really for less than the jurisdictional amount. Catalano, 2009 WL 3157645 at *4 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994); Broughton v. Florida Int'l Underwriters, 139 F.3d 861, 868 (11th Cir. 1998)). The Court is not satisfied by the present record that the jurisdictional amount is present. Plaintiff has not satisfied its burden of affirmatively alleging the existence of subject matter jurisdiction. Catalano, 2009 WL 3157645 at *4 (citing Beavers v. A.O. Smith Elec. Prods. Co., 265 Fed. Appx. 772, 777 (11th Cir. 2008)).

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Amended Complaint (Doc. #12) is **DISMISSED without prejudice**.

(2) Plaintiff may file a second amended complaint no later than **November 28, 2013**, in accordance with the above. Failure to comply with the above will result in the case being dismissed without further notice for failure to allege the Court's subject matter jurisdiction.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of November, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record